UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HELEN L. DONAVEN,                    : CIVIL NO: 1:08-CV-02218
                                     :
            Plaintiff                :
                                     : (Judge Conner)
        v.                           :
                                     : (Magistrate Judge Smyser)
YORK COUNTY SHERIFF                  :
RICHARD KEUERLEBER,                  :
IB PROPERTY HOLDINGS, LLC,           :
BRADLEY LEBER,                       :
FISHER AUTO PARTS,                   :
DAVID BEIRY, and                     :
LAWRENCE T. HIMES,                   :
                                     :
            Defendants               :

**REPORT AND RECOMMENDATION**

On December 11, 2008, the plaintiff, proceeding *pro se*, filed a document entitled "Rule 65(a) Preliminary Injunction."  However, she had not filed a complaint.  The plaintiff also filed a request to proceed *in forma pauperis,* but she had not filed a financial affidavit in support of that request.

By an Order dated December 17, 2008, the plaintiff was ordered to file, on or before January 16, 2009, a completed financial affidavit in support of her request to proceed *in forma pauperis* and a complaint.

On January 15, 2009, the plaintiff filed a completed
financial affidavit and a complaint.  By a separate order, we
granted the plaintiff's application to proceed *in forma
pauperis.*  We now recommend that the case be dismissed pursuant
to Fed.R.Civ.P. 12(h)(3).

Federal Rule of Civil Procedure 12(h)(3) provides that
"[i]f the court determines at any time that it lacks subject-
matter jurisdiction, the court must dismiss the action."  The
court may raise the issue of subject-matter jurisdiction *sua
sponte. See Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 77
(3d Cir. 2003).

In the instant case, the plaintiff is challenging a
judgment of the Court of Common Pleas of York County
Pennsylvania denying the plaintiff's motion to set aside a
sheriff's sale.  The plaintiff alleges the following.

Property that the plaintiff owned at 2466 North George
Street in York was in foreclosure.  Throughout the foreclosure
proceedings the plaintiff maintained that the monthly mortgage
payments that she allegedly owed were double what she had
agreed to and that many of the documents underlying the

2

mortgage were based on fraud.  In March of 2008, a judgment was entered against the plaintiff in the foreclosure action. *See Doc. 1-2 at 15 & 16.*

A sheriff's sale was scheduled for August of 2008. The notice of the sale stated that if the property does not sell for $218,000.00 the sale will be as if it never occurred. One week prior to the scheduled sheriff's sale the plaintiff and a first floor tenant - Fisher Auto Parts - verbally agreed that Fisher Auto Parts would purchase the entire building from the plaintiff for the sum of $250,000.00.  David Beiry, an agent for Fisher Auto Parts, told the plaintiff that he would call her back at the end of the week.  Mr. Beiry, however, failed to call the plaintiff back.

The plaintiff attended the sheriff's sale.  At the sale an agent for Fisher Auto Parts and the sheriff engaged in a private conversation after which it was announced that the sale was completed for the sum of $131,000.00.  This was far below the market value of the property.  The plaintiff asked the sheriff why her property was sold for such a low price and without a bidding process, and the sheriff replied that there was a prearranged sale price with Fisher Auto Parts.

3

During a hearing before the Court of Common Pleas on October 7, 2008, the plaintiff asked the agent for Fisher Auto Parts if she had a verbal agreement to sell her property to Fisher Auto Parts for the sum of $250,000.00, and the agent responded affirmatively.  The plaintiff also argued at the hearing that the sale price was far below fair market value.

On October 10, 2008, the court denied the plaintiff's request to set aide the sheriff's sale. *See Doc. 1-2 at 14.*  On October 20, 2008, the plaintiff filed a Notice of Appeal to the Superior Court of Pennsylvania. *Id.*

In November of 2008, the plaintiff filed in the Court of Common Pleas objections to the distribution of funds from the sheriff's sale and a motion for a stay or injunction.  The plaintiff received notice that she had to appear on November 18, 2008.  She received less than two business days notice.  On Friday, November 14, 2008, the plaintiff was injured at work and was seen at a local hospital regarding surgery on her hand. She was scheduled to been seen by a specialist on November 18,

4

2008.  She notified the court and the lawyers[1] of her conflict. Upon seeing the specialist and her doctor, the plaintiff was given a doctor's note excusing her from court for the next 60 days.

The Court of Common Pleas Judge ignored the plaintiff's doctor's note and proceeded to transfer the deed and funds without the plaintiff being present to defend her property.  The plaintiff alleges that she was not allowed her day in court and that by proceeding without her present the court engaged in willful misconduct.  She alleges that she suffered great financial and emotional harm due to the acts of the court.

As relief in this court, the plaintiff asks for "reversal of deed and to let her case still be heard in the lower courts."

---

1.  Since it appears that the plaintiff was proceeding *pro se* in the Court of Common Pleas, it appears that when the plaintiff alleges that she notified the lawyers she means the lawyers for Fisher Auto Parts and, possibly, the mortgage company.

Pursuant to the *Rooker-Feldman*[2] doctrine this court does not have subject-matter jurisdiction over the plaintiff's claim.

Section 1257 of Title 28 of the United States Code confers on the United States Supreme Court appellate jurisdiction to review final judgments of the states' highest courts.  The *Rooker-Feldman* doctrine is the doctrine that, by negative implication, inferior federal courts lack subject matter jurisdiction to review final judgments of the states' highest courts. *E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997).  The *Rooker-Feldman* doctrine has been interpreted to also apply to final decisions of lower state courts. *Id.* "Under the *Rooker-Feldman* doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006).  "[A]pplication of the *Rooker-Feldman*

---

2.  The *Rooker-Feldman* doctrine embodies the principles set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

doctrine is necessarily limited to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobil Corp. V. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)).

The plaintiff in the instant case was the losing party in the Court of Common Pleas.  She is complaining about injuries caused by the state court judgment refusing to set aside the sheriff's sale.  The state court judgment was rendered before the plaintiff filed this case.  The plaintiff is seeking review of the state court judgment.  Accordingly, this court is precluded by the *Rooker-Feldman* doctrine from entertaining this action.[3]

---

3.  This is not the first case that the plaintiff has filed regarding the sheriff's sale for the subject property.  In *Donaven v. IB Property Holdings, LLC,* 4:08-CV-1289 (M.D.Pa.)(Jones, J), the plaintiff requested that the court stop the sheriff's sale.  By a Memorandum and Order dated August 7, 2008, based on the *Rooker-Feldman* doctrine, Judge Jones dismissed that case for lack of subject-matter jurisdiction.

Based on the foregoing, it is recommended that the case be dismissed pursuant to Fed.R.Civ.P. 12(h)(3) for lack of subject-matter jurisdiction and that the case file be closed.


*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge


Dated:  January 22, 2009.

8