IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HELEN L. DONAVEN,** | : | CIVIL ACTION NO. 1:08-CV-02218 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **YORK COUNTY SHERIFF RICHARD** | : | |
| **KEUERLEBER, IB PROPERTY** | : | |
| **HOLDINGS, LLC, BRADLEY LEBER,** | : | |
| **FISHER AUTO PARTS, DAVID** | : | |
| **BEIRY, and LAWRENCE T. HIMES,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 19th day of March, 2009, upon consideration of the report of the magistrate judge (Doc. 11), recommending that the case be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction, and, following an independent review of the record, it appearing that plaintiff raises claims founded solely upon state law, see Doc. 1, that plaintiff is seeking review of an unfavorable state court judgment,[1] and that the Rooker-Feldman doctrine prohibits lower federal courts from reviewing decisions of state courts, see Gary v. Braddock Cemetery, 517 F.3d 195, 201 (3d Cir. 2008) ("[F]ederal district courts lack subject matter jurisdiction to entertain appeals from state courts.") (citing Rooker v.

---

[1] On July 31, 2008, plaintiff filed a motion with this court for an injunction to stop foreclosure proceedings regarding the same property involved in the instant matter. See Donaven v. IB Property Holdings, LLC, Civ. A. No. 4:08-CV-1289, 2008 WL 3200834, at *1 (M.D. Pa. Aug. 7, 2008). The court dismissed the action for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Id. at *3.

Fidelity Trust Co., 263 U.S. 413, 416 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005)); see also Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192-93 (3d Cir. 2006) ("[I]f a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim even if it was not raised in the state court."), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 11) is ADOPTED.

2. The above-captioned matter is DISMISSED.

3. The Clerk of Court is instructed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge